James H. Tallman & another *vs*. New Bedford Five
Cents Savings Bank.

Bristol.   Oct. 29, 1884. — Jan. 9, 1885.   C. Allen & Colburn,  J.,
absent.

A savings bank, which holds two promissory notes made by the same person, the
payment of one of which is secured by a mortgage of land, and of the other not,
is not entitled to apply the surplus proceeds of a sale of the land, under a power
in the mortgage, to the payment of the unsecured note, if the sale is made after
the publication of a petition in insolvency against the maker of the notes, who
is afterwards adjudged an insolvent, although the first publication of the time
and place of the sale under the mortgage is made, and read by the mortgagor,
before the publication of the petition in insolvency.

Contract, by the assignees in insolvency of Caroline E. Luce,
for money had and received.   The case was submitted to the
Superior Court, and, after judgment for the plaintiffs, to this
court, on appeal, on agreed facts, in substance as follows:

In 1882, Caroline E. Luce gave to the defendant three prom-
issory notes, one of which was secured by a mortgage of land,
containing a power of sale, and the others were unsecured.
The unsecured notes became due on January 2, 1883, and Feb-
ruary 28, 1883.   The note secured by mortgage became due on
February 15, 1883.   None of them was paid.

On February 28, and on March 7, 14, and 24, 1883, the de-
fendant, in due form, advertised the mortgaged land for sale,
for breach of the condition of the mortgage; and the advertise-
ment, containing a notice of the time and place of the sale, was
read by Luce before March 8, 1883.   On March 23, 1883, the
defendant sold the land, by public auction, for more than enough
to pay the secured note and the expenses of the sale.

On March 8, 1883, a petition in insolvency was filed against
Luce.   Notice thereof was duly published on March 9, 10, and
12, 1883.   She was adjudged an insolvent on April 13, 1883,
and the plaintiffs were appointed assignees of her estate on June
8, 1883.

The defendant, on March 30, 1883, applied the surplus re-
maining after payment of the secured note and the expenses of
the sale to the payment of the unsecured notes; and on June 20,
1883, the plaintiffs demanded this surplus.

If the defendant, under any form of pleading, had the right to make the application which it made of the surplus, judgment was to be entered for it; otherwise for the plaintiffs.

*C. W. Clifford,* for the defendant.

*E. J. Luce,* for the plaintiffs.

HOLMES, J. This case is disposed of by *Brown* v. *New Bedford Institution for Savings,* 137 Mass. 262. The fact that, before March 9, 1883, when the notice of the filing of a creditor's petition in insolvency was first published, the defendant had advertised the mortgaged land for sale, and that the debtor had read the advertisement, while it carried the defendant a step nearer to realizing its security, did not change the relation of the parties in any way. The defendant still held the land for the same alternative purposes as at the date of the mortgage, to foreclose or convert into money if the mortgage debt was not paid, or, if the debt was paid, to lose its title even against its will. Its authority was no greater than at the date of the breach, although one condition of its exercise had been fulfilled. The debtor had added no new power or request to sell. All that can be said is that the empirical probability of her redeeming grew less as the day of the sale approached. But the land was none the less held for the purpose of being restored on payment because of the diminishing probability of that alternative.

*Judgment for the plaintiffs affirmed.*